## Rose M. Ewing, Appellee, v. Judson Harmon, Receiver, Appellant.

INSTRUCTIONS—*must not invade province of jury.* The force and effect to be given to the testimony of the respective witnesses testifying in a cause are matters to be determined by the jury and with which the court should not ordinarily interfere by its instructions.

Action in case for personal injuries. Appeal from the Circuit Court of Macon county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed March 30, 1910.

OUTTEN, ROBY, EWING & McCULLOUGH, for appellant.

HENSON & ALBERT, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case in which the plaintiff recovered judgment against the defendant as receiver, for $1999. The declaration consists of three counts. The first count charges in substance that the defendant as receiver operated the engines and trains of the C. H. & D. R. R. Co. in Macon county; that a public highway crossed the track of said railroad at a certain place where trees, shrubbery, tall weeds, etc., grew on the south side of the railroad right of way and track south of such right of way; that the same prevented persons going north on said highway from seeing trains approaching from the west upon said railroad; that an engine and train operated by the defendant, by his servants, was approaching said crossing from the west, as the plaintiff was going north on said highway to cross said railroad track; that the defendant negligently failed to give the signals required by the statute, by reason of which and other negligence, said engine ran into and against the wagon in which the plaintiff was riding, and injured her. The second count alleges

that the injury was wantonly and wilfully inflicted. The third count is the same as the first, and alleges damages to the wagon. The defendant pleaded the general issue.

The evidence introduced by the plaintiff tends to show the following facts: On the west side of the highway described in the declaration, and on the south side of the railroad right of way, there was a forest of trees, brush and foliage extending along the railroad track for about 40 rods, the limbs of the trees hanging over the right of way, and on the west side of the right of way the forest extended to within about 20 feet of the railroad track and back south for over 300 feet. The foliage was so dense that a person passing north along the highway in a vehicle could not see the railroad tracks or trains approaching from the west until almost upon the track. East of the railroad crossing the railroad entered a deep cut, which obstructed the view of the railroad and approaching trains from the east. On September 24, 1908, at about five o'clock in the afternoon, appellee, who, together with five other ladies and an infant child, was riding along the public highway in a spring wagon drawn by two horses driven by appellee, approached from the north a point where the railroad operated by appellant crossed said highway in a southeasterly direction. The team trotted down an incline to within from 75 to 100 feet of the track, then moved forward in a walk, until the horses were within ten feet of the track, when appellee and the other occupants of the wagon were aroused by the danger signal of an approaching train, which was at the time within about 128 feet west and rapidly nearing them. The signal frightened the horses and they sprung forward across the track. The engine struck the left hind wheel of the vehicle, throwing from the vehicle all the passengers therein except appellee and the babe which she held in her arms, and seriously injured appellee. The evidence adduced by appellee further tends to show

that as they approached the crossing the occupants of the wagon all listened and looked to the east and west for trains, and continued to so listen and look while they were coming down the hill and until they reached the track; that they heard no bell rung or whistle sounded, and saw no sign of an approaching train.

Upon the issue as to whether the view of appellee to the west was so obstructed by the trees, shrubbery and weeds that she could not see the train approaching until very near the track, whether the whistle was sounded or the bell rung at least 80 rods distant from the crossing and continuously thereafter until the same was reached, and whether under the surrounding circumstances appellee exercised due care and caution in approaching the crossing, and in attempting to cross the same, the evidence was in serious conflict, that offered by the appellant tending to show that one in the position occupied by appellee could when forty-six feet from the track have seen the approaching train when it was over four hundred feet from the crossing, and that the whistle was sounded at the whistling post 1312 feet west of the crossing, and that the bell rang continuously from the time the whistling post was reached until after the accident. These questions were submitted to the jury under proper instructions, and after careful examination of the evidence we are unable to say that the finding of the jury thereon was unwarranted by the evidence. The essential averments of the first and third counts of the declaration were therefore established, and the trial court did not err either in refusing to direct a verdict for the defendant or in overruling the motion for a new trial.

Complaint is made that the court refused to give the fourth instruction offered by the appellant, which told the jury that if certain witnesses testified positively that the bell was rung or whistle sounded, and other witnesses testified that they did not hear the bell rung or whistle sounded, then the evidence of the witnesses

who had testified positively to the fact that the bell was rung or the whistle sounded, was entitled to more weight than the negative evidence of the witnesses who only said that they did not hear the bell ring or the whistle sound. The force and weight to be given to the testimony of the respective witnesses is a matter to be determined by the jury, and with which the court should not ordinarily interfere. R. R. v. Feehan, 149 Ill. 202; R. R. v. Otstot, 212 Ill. 429; Coal Co. v. Clingan, 114 Ill. App. 568. In any event an instruction which attempts to advise the jury that in determining whether a bell did ring, the testimony of a witness who testified affirmatively that a bell was rung, is of greater weight than that of a witness who testified that he did not hear it ring, should be based on the hypothesis of equal opportunity. The instruction was defective in this respect. R. R. Co. v. Otstot, *supra*.

It is not claimed that the damages awarded are excessive.

The judgment of the circuit court is affirmed.

*Affirmed.*